[Civ. No. 474.    Second Appellate District.—April 13, 1908.]

# MARIE STEELE, Respondent, v. GUARANTY REALTY COMPANY, Appellant.

VENDOR AND PURCHASER—DEPOSIT FOR CONTRACT OF SALE WITH AGENT—
DUTY OF AGENT—CONTRACT FOR UNENCUMBERED TITLE.—Where
money was deposited with defendant as agent for the sale of real
property, to secure a contract of sale from the owners, under speci-
fied terms as to price, to be applied on the price if the contract
was secured, and to be returned if it was not secured, it became
the duty of the defendant to secure and deliver a contract of sale, by
the terms of which the plaintiff, upon full payment, would be en-
titled to a deed conveying an unencumbered title.

ID.—ASSIGNMENT OF CONTRACT BY OWNERS WITH THIRD PARTY—EN-
CUMBRANCES UPON TITLE—RECOVERY OF DEPOSIT.—It appearing that
the only contract procured by defendant from the owners of the
property was the assignment of a contract by the owners with a
third party, by the terms of which the premises were to be con-
veyed subject to such limitations and reservations as to substantially
encumber the title, the plaintiff is entitled to reject the same, and
to recover back the sum left upon deposit.

ID.—FORFEITURE OF ASSIGNED CONTRACT—ACCEPTANCE OF PART PROFIT
ON RESALE—ESTOPPEL—WANT OF KNOWLEDGE.—The statement by
defendant that the purchaser under the assigned contract had for-
feited a deposit, one-half of which was returned as part profit on
resale, the acceptance of the same without knowledge of the en-
cumbrances upon the title did not create an estoppel, and the money
received upon rejection of the assignment after discovery was
merely to be applied as part payment of the money deposited by
her with defendant, and recovery may had of the residue.

ID.—CONFLICTING EVIDENCE—PROVINCE OF TRIAL COURT.—The deter-
mination of conflicting evidence is matter within the exclusive
province of the trial court.

ID.—INCOMPETENT EVIDENCE—ORAL NEGOTIATIONS PRIOR TO WRITTEN
CONTRACT.—The court did not err in excluding oral testimony rela-
tive to previous negotiations between the plaintiff and the defend-
ant prior to the written contract between them, which were incon-
sistent with its terms and legal effect.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & O'Dell, for Appellant.

Cryer & Tuttle, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment in favor of plaintiff rendered by the superior court of Los Angeles county, and from an order denying defendant's motion for a new trial.

Plaintiff and defendant, on July 7, 1905, entered into the following contract:

"Mrs. M. Steele has this day deposited with Guaranty Realty Company, of Ocean Park, Cal., twenty-five dollars, as part of the first payment on the purchase of lot 10, block 15, of the Silver Strand tract, Los Angeles County, California. Purchase price, $1600. Balance of said first payment amounting to about $875, to be paid within 5 days from date, when contract of purchase is to be delivered. If said contract cannot be procured this deposit is to be returned, and if the balance of said payment is not paid, the deposit is to be retained in payment of commissions and for services rendered.

"Date July 7.

"Names:
"G. R. CO.    (G.)
"M. STEELE."

Pursuant thereto plaintiff paid defendant the $875 specified within the time required. Defendant never delivered a contract of sale for the lot described other than one theretofore executed by the owners with one Albright, by which the premises were to be conveyed subject to such limitations and reservations as to substantially encumber the title. Before the tender of the assigned contract, defendant informed plaintiff that it·had resold the contract agreed to be delivered to plaintiff at an advance, and that the proposed purchaser had forfeited $50 paid on such contract of resale, and defendant accordingly paid to plaintiff one-half of such forfeiture. Thereafter, defendant delivered to plaintiff the contract made by the owners of the lot with Albright and by Albright assigned; but upon examination and discovery of the limitations and reservations therein, plaintiff refused to accept the same, and brought this action to recover the money paid defendant under the agreement. Judgment went for plaintiff for the

money so paid, less $25 theretofore received by her from defendant.

Appellant insists that the findings are inconsistent, in that one finding, in effect, is that the agreement to deliver the contract was made by defendant as a broker, while another finding is that the defendant undertook to sell the lot directly to plaintiff. Were an inconsistency even apparent, it would not warrant a reversal of the judgment, for in whatever capacity the money was received under the agreement with plaintiff it became the duty of defendant to deliver a contract by the terms of which, upon the performance by plaintiff of the obligations imposed upon her, she would be entitled to a deed conveying an unencumbered title. The court finds, and there is evidence in its support, that no such contract was tendered or delivered.

It is insisted, further, that plaintiff is estopped to question the character of the contract tendered, because she had accepted $25 as part of a forfeiture on a resale of the contract by defendant; but the court finds, and there is evidence to warrant the same, that when defendant represented to plaintiff that it had resold the contract at an advance, and that the proposed purchaser had forfeited $50 upon deposit, one-half of which plaintiff was entitled to and which she received, she did not know that the lot was encumbered, or that the contract which defendant had undertaken to procure or deliver was so restricted in its terms. Plaintiff being in ignorance as to the character of the contract, the subject of the resale, the acceptance of the $25 did not estop her from asserting her legal rights when the true character of the proposed contract sought to be assigned was brought to her attention. She is not shown to have accepted the benefit with notice.

We are not interested in the question of the weight given by the court to conflicting evidence. That was a matter for the trial court to determine, and with its determination we must be content.

The court did not err in excluding testimony relating to previous transactions between the parties. Its effect could only be to modify and change the terms of the written agreement, which is not permissible, were it even assumed that one who had purchased an encumbered title previously from the

same parties would be willing to accept a title of the same character in subsequent transactions.

The rule relating to the admission of oral testimony as to matters not inconsistent with the terms of the written agreement has no application here. The paper writing executed by defendant is, in legal effect, a contract as distinguished from a mere receipt, and the rule relating to the admission of evidence to explain receipts is not here involved.

We find no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 11, 1908.